IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| JOHNNY VENZANT | * | CIVIL ACTION NO. 5:22-cv-04074 |
| Plaintiff | * | |
| VERSUS | * | JUDGE: DONALD E. WALTER |
| HOMEOWNERS OF AMERICA INSURANCE COMPANY | * | MAGISTRATE: MARK L. HORNSBY |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS

**NOW INTO COURT**, through undersigned counsel, comes Homeowners of America Insurance Company (hereinafter "Homeowners of America"), who submits this Memorandum and attached evidence to support its request for reimbursement of costs and attorney fees incurred by the frivolous actions of McClenny, Moseley & Associates, PLLC ("MMA"):

### Introduction

MMA filed this instant lawsuit on behalf of Johnny Venzant ("Plaintiff") on August 24, 2022. The Petition asserted that Homeowners of America held a "policy of insurance" for the Plaintiff and their property.[1] The suit further asserted the dispute between Plaintiff and Defendant met the jurisdictional requirements of $75,000.00 for diversity jurisdiction.[2] Both of these assertions are factually incorrect. Namely, Homeowners of America does not hold a policy of insurance for Plaintiff and does not even offer homeowners insurance in the State of Louisiana. It is clear that MMA had no reasonable basis for believing that Homeowners of America was the proper insurer. In fact, the Petition specifically states that plaintiff was insured by Homeowners of

---

[1] See Rec. Doc. 1.
[2] *Id*.

America under a policy "bearing policy number **Please Provide**."[3] Sadly, this has become all but too familiar behavior from MMA.

On October 21, 2022, the Western District issued an Order sanctioning MMA regarding various irregularities and discrepancies in a "vast number of Hurricanes Laura/Delta lawsuits filed in the Western District of Louisiana."[4] The court further ordered a stay of all cases until such irregularities could be identified and resolved as necessary.[5] On November 7, 2022, the court again took matters into its own hands by lifting the stay in at least 14 individual cases where it had identified further irregularities. On its own volition, the court set a hearing for December 13, 2022, to compel MMA to "show cause why they should not be sanctioned" for the irregularities present in these questionable cases.[6] Approximately half of these cases were improperly filed against insurers who did not have policies for the alleged loss - the same issue present in the this case. This issue was discussed as it pertained to other cases at the December 13, 2022, hearing.[7] During same, MMA implied that if the insurer simply notified MMA that no policy existed, MMA would not have filed suit in the first place.[8] On December 28, 2022, this Honorable Court again found MMA's behavior to be unacceptable and sanctioned MMA for the exact same behavior present in this case:

> (MMA) failed to: (i) properly investigate this matter prior to filing suit; (ii) timely comply with the October 20, 2022, Order by Judge James D. Cain, Jr. to investigate the claims at issue [Doc. 6]; and (iii) appear at the initial hearing set by the Court on December 21, 2022.

---

[3] Rec. Doc. 1 (emphasis added).
[4] *See,* Case 3:22-cv-05541-JDC-KDM, Rec. Doc. 4.
[5] *Id*.
[6] *See*, Case 3:22-cv-05541-JDC-KDM, Rec. Doc. 6.
[7] *See*, Case 3:22-cv-05541-JDC-KDM, Rec. Doc. 12, pg. 124-126, 129,130.
[8] Case 3:22-cv-05541-JDC-KDM, Rec. Doc. 12 pg. 124
"If they'd made an affirmative statement there is no policy, I think we would have gone in a different direction. But, Your Honor, we were kind of backed up against a deadline. We want to help people. We want to make sure that we're filing lawsuits that need to be filed so the prescription deadline isn't being met."

>Accordingly, for the reasons discussed on the record and finding good cause to award sanctions pursuant to the Court's inherent authority in the form of attorneys' fees incurred by the Defendants.[9]

In the current matter, this case was filed against Homeowners of America despite the fact that Homeowners of America does not have a policy of insurance with Plaintiff or the alleged property and does not even offer homeowners insurance in the State of Louisiana. Despite MMA's improper attempts to place their own duty at the feet of the Defendants, MMA was notified by this Honorable Court on multiple occasions to fix these improper suits and had even been sanctioned for same previously. At the very latest, MMA had absolute notice that no such policy existed no later than December 28, 2022, when Homeowners filed its Answer.[10] Despite being given every opportunity, MMA has failed to take corrective action for this frivolous lawsuit.

1. **Factual Background**

Hurricane Laura occurred on or about August 27, 2020, and Hurricane Delta occurred on or about October 9, 2020. A review of Homeowners of America internal records demonstrates that a policy did not exist at the time of those losses. Further, Homeowners of America found no record that it ever insured the Plaintiff or his property. Most shockingly, Homeowners of America does not even offer homeowners policies in the State of Louisiana.

Despite these facts, MMA nevertheless filed this instant suit against Homeowners of America with absolutely no information to support its accusations. MMA could not even be bothered to fill in or delete the form language of "Please Provide," which is clearly a placeholder in a MMA form meant to be revised prior to any filing. In summary, MMA (1) failed to undertake any level of reasonable investigation prior to filing suit, (2) filed a frivolous lawsuit against an insurer that does not even offer homeowners insurance in the State of Louisiana, and (3) failed to

---

[9] *See*, Case 5:22-CV-04961, Rec. Doc. 18.
[10] See Rec. Doc. 9.

remedy the frivolous suit despite multiple court orders and notice of same. Such blatant disregard by MMA rises to the level of sanctionable behavior per prior jurisprudence and the orders of this Court.[11]

Homeowners of America anticipates this Court will likely approve the Recommendations of the Honorable Judge Kay and dismiss this claim without prejudice. Homeowners of America agrees that such actions are proper. However, Homeowners of America asserts same is insufficient to make it whole or to further prevent MMA from repeating such actions in the future. Homeowners of America has already expended funds defending this frivolous lawsuit. As a result, Homeowners of America respectfully request the court issue an order to show cause why MMA should not be sanctioned under the inherent powers of the court and reimbursing Homeowners of America for the reasonable costs and fees incurred by this behavior. With this Court's permission, undersigned will file an outline of costs and fees into the record under seal.

---

[11] *Wells v. Louisiana*, No. CV 15-00598-JJB-EWD, 2016 WL 2931651, at *2 (M.D. La. Apr. 29, 2016), *report and recommendation adopted,* No. CV 15-598-JJB-EWD, 2016 WL 2930963 (M.D. La. May 19, 2016). *See*, Case 5:22-CV-04961, Rec. Doc. 18.
"Federal courts have inherent authority 'to protect the efficient and orderly administration of justice and ... to command respect for [its] orders, judgments, procedures, and authority.' *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims."

Respectfully submitted:

*/s/ John D. Mineo, IV*
**MATTHEW D. MONSON (25186)**
**JOHN HENRY (18948)**
**RACHEL L. FLARITY (33131)**
**JOHN D. MINEO, IV (36587)**
**KYLE C. MATTHIAS (38338)**
**ROWAN W. STOEHR (39061)**
**THE MONSON LAW FIRM, LLC**
5 Sanctuary Blvd., Suite 101
Mandeville, Louisiana 70471
Telephone:   (985) 778-0678
Facsimile:    (985) 778-0682
Email: *John@MonsonFirm.com*
***Counsel for Defendant, Homeowners of America Insurance Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to CM/ECF participating parties. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participating parties.

*/s/ John D. Mineo, IV*