UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JOHNNY VENZANT** | : | **DOCKET NO. 5:22-cv-04074** |
| **VERSUS** | : | **JUDGE DONALD E. WALTER** |
| **HOMEOWNERS OF AMERICA INSURANCE CO.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion for Sanctions filed by defendant Homeowners of America Insurance Company. Doc. 21. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated **IT IS RECOMMENDED** that the motion be **GRANTED**.

**I.**
**BACKGROUND**

This case arises from damage to plaintiff's home in Saline, Louisiana, from Hurricane Laura. Plaintiff, who was then represented by attorneys from McClenny Moseley & Associates, PLLC (MMA), filed suit in this court on August 24, 2022, raising claims of breach of insurance contract and bad faith against Homeowners of America Insurance Company under Louisiana law. Doc. 1. The complaint asserts that plaintiff's property was insured "by a policy of insurance issued and maintained by Defendant bearing policy number Please Provide." *Id.* at ¶ 1.

In October 2022, the court held a show cause hearing after concerns of misconduct by MMA's attorneys began to arise. Doc. 6. Among other things, the court asked then-MMA attorney R. William Huye, III, to explain how MMA could file lawsuits against insurers who did not issue

policies for the people suing them. Doc. 14, att. 1, p. 48.  After attempting to explain the situation, Mr. Huye assured the court that "if there was not a policy, we will immediately get [plaintiff's] permission to do a voluntary dismissal." *Id.* at p. 49.  The show cause hearing did little to assuage the court's concerns about MMA's tactics in its representation of clients and the apparent lack of due diligence in preparing pleadings, so the court stayed all cases involving MMA, including the instant matter. Doc. 5.

The court held an additional show cause hearing in December 2022, during which the court advised the then-MMA attorneys[1] who appeared, "I think it would be incumbent upon you to start going through your files one by one and cleaning it up, and you need to find these problems before the Court finds them." Doc. 14, att. 2, p. 12.  At that hearing, a defense attorney in this matter indicated to the court that he represented insurers, including Homeowners of America Insurance Company, in ten cases where MMA filed suit against his clients even though no policy existed. *Id.* at p. 110.  The court instructed the former MMA attorneys to "go forth" and "clean this up." *Id.* at p. 145.

Defendant later received relief from the stay in this matter to file its Answer, which claimed that a "diligent search" of its records revealed "***no policy of insurance*** between Plaintiff and Defendant at any relevant time." Doc. 9, p. 2, ¶ E (emphasis in original).  Defendant further asserted that it "does not write homeowners policies in the state of Louisiana." *Id.* at ¶ F.  Once the stay in this matter was fully lifted [doc. 10], MMA filed an executed summons for defendant into the record. Doc. 12.  Despite this indication that MMA continued working on this case, it did not attempt, through dismissal or otherwise, to remedy its purported mistake in suing an insurer

---

[1] The attorneys in attendance, R. William Huye, III, and Claude F. Reynaud, III, no longer practice law at MMA. *See* doc. 16, n.1; *Derouen v. State Farm Fire & Casualty Co.*, No. 6:22-cv-3334, 2023 WL 4051430, at *1 (W.D. La. May 5, 2023).

that did not provide a policy to plaintiff. The court then suspended from practice in this district MMA and anyone affiliated with the firm for a period of ninety days. Doc. 14.

Accordingly, defendant asked for sanctions, and through the instant motion, it requests that the court exercise its inherent sanctioning power and order MMA to reimburse defendant for reasonable attorney's fees and costs incurred through this litigation. Doc. 21. The court listed MMA as a respondent to the motion and set a response deadline, which passed with none being filed. Doc. 22. The court held a motion hearing on the matter, but no representative of MMA attended. Doc. 24.

## II.
### LAW AND ANALYSIS

The court has the power to police its docket when a litigant files meritless pleadings or otherwise disrupts the orderly administration of the docket. *In re Bernegger*, 3:15CV182, 2015 WL 8347587, at *11 (N.D. Miss. Dec. 8, 2015). While courts "exercise caution" in invoking their inherent powers and should "ordinarily" rely on a rule or statute instead, they retain discretion to select the appropriate authority for sanctions. *Cappa Fund III, L.L.C. v. Actherm Holding, a.s.*, No. 3:10-CV-897-L, 2011 WL 817384, at *3 (N.D. Tex. Feb. 21, 2011). An assessment of attorney's fees is "undoubtedly" a sanction that falls within the court's inherent power. *Chambers v. NASCO, Inc.*, 111 S. Ct. 2123, 2133 (1991). A court may assess attorney's fees "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 95 S. Ct. 1612, 1622–23 (1975)).

A. ***Bad Faith***

We must first determine whether MMA acted in bad faith during the course of this litigation.

The Fifth Circuit "adheres to the well established doctrine that '[a]n attorney, after being admitted to practice, becomes an officer of the court, exercising a privilege or franchise.'" *Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 294 (5th Cir. 1997) (quoting *Howell v. State Bar of Texas*, 843 F.2d 205, 207 (5th Cir. 1988)). Accordingly, as officers of the court, attorneys owe a duty to the court "that far exceeds that of lay citizens." *Id.* (quoting *Howell*, 843 F.2d at 207).

MMA filed this breach-of-insurance-contract lawsuit for a policy allegedly covering plaintiff's home in Saline, Louisiana, against a defendant that does not provide homeowners insurance in Louisiana. Additionally, the complaint did not contain a policy number but instead retained the stock language "policy number Please Provide." When viewed together with the surrounding circumstances—including the show cause hearings, the stay, and the suspension—this information indicates to the court that MMA failed to use proper care when preparing to file this lawsuit.

Furthermore, there is no indication on the record that MMA took corrective action after learning that no homeowners policy did or could exist between plaintiff and defendant, despite the court's instruction to "clean this up" and Mr. Huye's earlier assurance to the court that MMA would immediately seek dismissal if MMA learned that no policy existed between a plaintiff and a defendant. MMA did not attempt to explain its actions to the court after being given an opportunity to do so: MMA did not respond to the instant motion, nor did it send a representative to the motion hearing.

Considering the facts before us, we find that MMA has acted in bad faith throughout this litigation. Moreover, MMA's lack of response to the instant motion is not only a failure to justify its actions, but also a failure to contest defendant's assertion that sanctions are appropriate.

Accordingly, we recommend that the motion be granted and that, pursuant to the court's inherent sanctioning authority, MMA be ordered to pay defendant's reasonable attorney's fees and costs, as determined below.

### B. Attorney's Fees

Now we must determine a reasonable amount of attorney's fees and costs in this matter.

When bad-faith conduct is the reason for the sanction, the attorney's fees to be paid are "limited to the fees the innocent party incurred solely because of the misconduct." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184 (2017). "If a plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior, the court may . . . make a blanket award." *Id.* at 1188. But we must also be mindful that a court invokes its inherent sanctioning authority "to vindicate its own interests, not the interests of the opposing litigant." *Ben E. Keith Co. v. Dining Alliance, Inc.*, 80 F.4th 695, 701 (5th Cir. 2023).

Lead defense counsel John Mineo, IV, claims that the billable hours he expended on this case and the costs he seeks "were solely incurred as a direct result of MMA's filing of the improper suit AND MMA's refusal to dismiss the suit timely despite court orders." Doc. 25, pp. 1–2. He provided us with a time sheet breaking down his work on this matter as well as a breakdown of his travel expenses for the hearings held in this matter. Doc. 25, att. 1, pp. 3–7. Mr. Mineo spent a total of 38.4 billable hours working on this case, and he claims an hourly rate of $200. He also seeks $855.52 for his travels. We find these rates to be reasonable. We also find that every one of Mr. Mineo's fees and costs presented to us is attributable to the sanctionable behavior because, but for MMA's bad faith conduct in filing and then maintaining this lawsuit, defendant would not have needed retained counsel to act on its behalf. Therefore, we recommend that MMA be ordered to pay $8,535.52 to defendant for attorney's fees and costs.

Defense counsel also claims defendant suffered internal costs from defendant's general counsel that resulted from MMA's sanctionable actions. Doc. 25, p. 2. Attached to the instant motion was an affidavit from defendant's general counsel, which asserted that in-house counsel expended a total of 7.5 hours reviewing pleadings, discovery, and other information related to this litigation, and her paralegal spent a total of 3.25 hours assisting her. *See* doc. 25, att. 1. This affidavit also attested that the reasonable fee attributed to her work was $2,625.00 and the paralegal fee was $487.50. Thus, in-house counsel claims her hourly rate was $350, and her paralegal's hourly rate was $150. The affidavit does not indicate that in-house counsel and her paralegal did any substantive legal work on the case, but it claims they expended a total of 10.75 hours on this matter. Nothing in the record indicates that defendant's expenses for this work was incurred *solely* because of the misconduct, nor did defendant make such a claim, in contrast to its assertion about Mr. Mineo's work.

On the contrary, defendant would have paid in-house counsel and her paralegal for the 7.5 and 3.25 hours, respectively, even if this lawsuit had not been filed because both are defendant's employees. Though those 10.75 hours could have been spent on other legal matters, defendant did not assert, and we do not find, the requisite causal link between the expense and the conduct, as is necessary to grant attorney's fees under the court's inherent authority. *Goodyear*, 137 S. Ct. at 1184 (holding that attorney's fees awarded under inherent authority are limited to the fees the innocent party incurred *solely* because of the misconduct). Furthermore, our recommendation to exercise the court's inherent sanctioning authority in this case is meant to vindicate the court's interests, not the interests of defendant, *Ben E. Keith Co.*, 80 F.4th at 701, and we do not think ordering reimbursement of defendant's internal costs in this matter is necessary to serve this purpose.

## III.
### CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that Motion for Sanctions [doc. 21] be **GRANTED** and that McClenny Moseley & Associates, PLLC and/or its legal successors[2] be ordered to pay defendant's attorney's fees and costs in the amount of $8,535.52, made payable to the Monson Law Firm Client Trust Account.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of October, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[2] Recent filings on respondent's behalf have been made in the name of "MMA, PLLC (formerly known as McClenny Moseley & Associates, PLLC)." *See* Motion to Enroll as Counsel, *In re McClenny Moseley & Associates PLLC*, No. 3:23-mc-62 (W.D. La. Sept. 21, 2023).